UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,            Case No. 15-CR-249-PP

      Plaintiff,

v.

SHANE ALLEN SMITH,

      Defendant.

**DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION (DKT. NO. 21) AND DENYING DEFENDANT'S MOTION TO SUPPRESS (DKT. NO. 17)**

On December 15, 2016, the grand jury indicted the defendant on three counts of attempting to receive or possessing child pornography through interstate commerce, including by computer. Dkt. No. 8. On March 7, 2016, the defendant filed a motion to suppress "all evidence obtained as a result of unlawful seizure." Dkt. No. 17. The defendant specifically argued that the evidence seized from his home (and evidence seized later) was seized pursuant to an overly-broad warrant. Id. The defendant argued that the warrant violated the particularity of the Fourth Amendment. Id. at 10. On April 18, 2016, Judge Joseph issued a report and recommendation, recommending that this court deny the motion to suppress. The defendant did not object to Judge Joseph's recommendation, but this court has an independent obligation to review the recommendation nonetheless. The court adopts Judge Joseph's recommendation.

1

The defendant argued that the language of the search warrant was so broad that allowed "the government without limitation to access everything in Mr. Smith's home and every activity conducted on Mr. Smith's computer." Dkt. No. 17 at 7. Judge Joseph concluded otherwise, given the limiting opening words of Attachment B to the warrant. Specifically, Attachment B opened with the words "[t]he following materials . . . ." After prefatory language alleging that such materials constituted evidence of criminal activity, paragraph one described the materials:

> Computers or storage media used as a means to commit the violations described above. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

Dkt. No. 21 at 6. This court agrees with Judge Joseph that the opening words of Attachment B, combined with the language in paragraph one, make it clear that "materials" means "computers or storage media used as a means to commit the violations described above." As to the "violations described above," the sentences immediately following the words "[t]he following materials" specifically enumerate 18 U.S.C. §§2251 (sexual exploitation of children) and 2252A (child pornography). Attachment B makes clear, then, that the warrant authorizes the search of computers or storage media used as a means to violation §§2251 and 2252A. As Judge Joseph found, this is not a broad grant of authority to search "everything in [the defendant's] home and every activity conducted on [his] computer." It is a particular grant of authority to search

only computers or storage media for evidence regarding violations of the enumerated statutes.

The defendant argued that the language might allow the government access to bank records, tax records, medical records, and similar private records. But Judge Joseph points out that he does not argue that in this case, the government actually searched such documents. And again, this argument ignores the cabining effect of the language excerpted above.

The defendant objected to the fact that the warrant referred to "computers or storage media," which opened the search to include all digital media on all devices, and not just searching files downloaded or searched on the particular web site agents were investigating. Judge Joseph again pointed out that the defendant could have accessed the particular web site, or stored images from that web site, on any electronic media devices in his home. The nature of the evidence that was the subject of the search warrant is such that it can be stored, or hidden, on multiple devices; it is not unreasonable, or overly broad, for the warrant to authorize the search of such devices.

This court also agrees with Judge Joseph that while some magistrate judges have included search protocols in media search warrants (and perhaps more and more are doing so), Seventh Circuit law does not require inclusion of such protocols to satisfy the requirements of the Fourth Amendment. Finally, the court agrees that even were the court to conclude that the warrant was invalid for lack of particularity (and the court does not reach that conclusion),

3

the good-faith exception created by United States v. Leon, 468 U.S. 897, 905 (1984) would apply.

For these reasons, the court adopts Judge Joseph's report and recommendation in whole, and incorporates her conclusions and the reasoning supporting those conclusions into this order.

The court **ORDERS** that the defendant's March 7, 2016 motion to suppress evidence is **DENIED**. (Dkt. No. 17) The court will schedule a status conference to discuss further proceedings.

Dated in Milwaukee, Wisconsin this 16th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge